**STATE of Delaware In the Interest of R. F., a minor, and D. K., a minor, Respondents.**

Family Court of Delaware,
New Castle County.

Submitted Oct. 10, 1978.

Decided Oct. 19, 1978.

J. Patrick Hurley, Jr., Deputy Atty. Gen., Dept. of Justice, State of Delaware, for petitioner.

Joel D. Tenenbaum, of Woloshin & Tenenbaum, Wilmington, for respondent R. F.

David H. Erisman, Wilmington, for respondent D. K.

WAKEFIELD, Judge:

In this case, the Court is called upon to determine the appropriate sanctions where police fail to follow the procedures set forth in 10 *Del.C.* § 933 after taking a child into custody.

Both respondents moved to dismiss each of the two petitions filed against them on grounds that (1) their parents had not been notified immediately, and (2) they were held incommunicado for more than two hours without an order of a judge. In the alternative, they moved to suppress their confessions to both crimes.

Unfortunately, because of the press of time, an orderly verbatim record was not made and the facts were gathered rather informally. But certain facts seem to be undisputed.

Both juvenile respondents were arrested by the officers of the Delaware State Police at the scene of the burglary on July 3, 1978 at about 3:44 A.M. The arresting officer apparently required medical treatment, and hence the respondents were transported to the Penny Hill police barracks by other officers, arriving there about 4:00 A.M. Because a felony was involved, police procedures apparently required a detective to pick up on the case, and because none was available, a detective had to be called up from his home in Bear, Delaware. It is not clear just what time the detective arrived at Penny Hill, but in any event no attempt was made to notify the parents of the juveniles until about 8:00 A.M., more than four hours after their arrest. The parents of respondent D. K. came immediately to the

Penny Hill barracks, where they spoke with their son briefly and were then advised to follow to Troop 2 where the processing would be completed. The parents of respondent R. F. were advised to go directly to Troop 2, which they did.

Upon arriving at Troop 2, a statement of respondent D. K. was started at 8:57 A.M., at which time he apparently confessed to the July 3 burglary as well as an earlier one at the same location, after which he was released to his parents. Respondent R. F. was kept in a separate room and did not see his parents until shortly before his statement was begun at approximately 11:15 A.M. The parents of each boy were present when his statement was taken and no confessions, oral or otherwise, were taken or sought until after each boy had had an opportunity to talk to his parents. There was some suggestion that R. F. and his parents were induced to give a statement by a promise of immediate release if he "cooperated." The Court assumes that the confessions were taken only after *Miranda* warnings were given to the boys and their parents.

Title 10 *Delaware Code* § 933 provides as follows:

"(a) Any peace officer having taken a child into custody shall immediately notify the custodian of the child that the child has been taken into custody.

"(b) After making every reasonable effort to give notice under subsection (a), the peace officer:

"(1) May release the child to his custodian with a brief report of the reason for his apprehension; or

"(2) Shall take the child directly before the Court if the Court is in session unless a Judge of the Court shall direct otherwise; or

"(3) Shall take the child before a court or commissioner for disposition in accordance with § 934, if this Court is not in session.

"(c) After taking a child into custody the officer shall forthwith file with the Court in the county where the child is taken into custody a petition in accordance with § 932 on forms furnished by the Court.

"(d) After the child has been taken into custody, the child shall not be held incommunicado for more than 2 hours or incarcerated in a jail, police station cell, prison, workhouse, or correctional institution except by order of a Judge of this Court and except as otherwise provided in this chapter. (10 Del.C.1953 § 933; 59 Del. Laws, c. 114, § 1.)"

When read together, this statute and Rule 50 of the *Family Court Rules*, present a logical and clear directive to peace officers as to their responsibilities after taking a juvenile into custody. These provisions of the law are mandatory and provide for no exceptions. Very simply, any peace officer having taken a child into custody *must immediately* notify or attempt to notify the parents or custodian of the child. After making *every reasonable effort* to give such notice, the officer then has two alternatives: (1) to release the child to his parent or custodian if the parent or custodian comes to get him or if arrangements can otherwise be made, or (2) to take the child before this Court, if in session, or to a magistrate or commissioner if not in session or if otherwise directed by a judge of this Court. Under subsection (d), a child may not be held incommunicado for more than two hours under any circumstances except upon order of a judge of this Court.

Hence, if the parents of a child can be notified by reasonable police effort, and if they respond to the call promptly by coming to the police station or other place where the child is being held, the police may then process the case in the normal fashion with the consent of the child and his custodian. But if the parents cannot be contacted or fail or refuse to respond in order to confer with the child, then it is mandatory that the child be taken before a judge or magistrate within two hours after arrest, else the child would be held incommunicado beyond that period of time under subsection (d).

In this case, there were clear violations of all four sections of § 933. The police did not even attempt to notify the parents immediately upon being taken into custody, in

violation of subsection (a); they did not take the child before a court or commissioner, in violation of subsection (b); they did not file a petition with the Court or a commissioner "forthwith," in violation of subsection (c); and they did hold both respondents incommunicado for more than two hours, in violation of subsection (d).

With respect to the latter, respondent D. K. did not see a parent for at least four hours and respondent R. F. for about seven hours after arrest. This is unreasonable and clearly a violation of the statute. The real question is: What sanction should the Court impose? Respondents argue that dismissal of both charges is the only effective sanction to prevent future abuses, while the State argues that no sanction should be imposed absent a showing of prejudice to the respondents.

 While I do not rule out the possibility of using the ultimate remedy of dismissal for a gross violation of a respondent's rights under the above statute, I do not believe that the violations here referred to were so egregious or shocking to the conscience of the Court as to warrant dismissal. Rather, I believe that the remedy provided in *Warren v. State*, Del.Supr., 385 A.2d 137 (1978) is the appropriate one, namely, that where there has been an unlawful detention, any evidence obtained during such period should be held inadmissible at trial. In this case, although the parents were present when the alleged confessions were taken, and although it could be argued that at that point they were not being unlawfully detained and that any prior unlawful detention had been cured, I believe that the Court must impose the sanction of suppressing any statements taken after the period of lawful detention without notice to parents had expired. Accordingly, the motion to dismiss is denied, but the motion to suppress any evidence, including statements or confessions obtained after 5:45 A.M. on July 3, 1978, is granted. The respondents should be scheduled for a new arraignment before a judge of this Court at the earliest available date.

IT IS SO ORDERED.